IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RON TOLSON,**

        Plaintiff,

vs.                                                   Civ. No. 07-462 ACT

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Attorney Fees under Equal Access to Justice Act ("EAJA") filed April 1, 2008.[1] (Docket No. 24.) Plaintiff's counsel requests attorney fees in the amount of $4,331.25 for 26.25 hours of work associated with the federal litigation of Plaintiff's Social Security disability claim and that the Court award the fees directly to his attorney. Defendant asserts that the billings are excessive and that the award must go directly to the Plaintiff. Upon review of the pleadings and being otherwise advised in the premises, the Court finds that Plaintiff's Motion is well-taken in part.

---

[1] "The [EAJA] provides for the award of fees and expenses to the prevailing party in a civil action against the Federal Government, unless the position of the United States was substantially justified." *Harris v. R.R. Ret. Bd.*, 990 F.2d 519, 520 (10th Cir. 1993) (quotations omitted).

The EAJA allows for reimbursement of attorney's fees and other expenses, but the fees must be "reasonable" pursuant to 28 U.S.C. § 2412(d)(2)(A). The Court has a duty to make an independent evaluation of the reasonableness of counsel's bill. *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983). The amount of attorney's fee to be awarded is a decision that lies within the Court's discretion. *Pierce v. Underwood*, 487 U.S. 552, 571 (1988).

Counsel for Plaintiff submitted a billing statement in which she billed in quarter hour increments. Billing in such large increments is not "reasonable." Courts have found that billing in quarter hour increments is not appropriate because it is imprecise and does not accurately reflect the time spent. *Johnson v. City of Tulsa*, 2003 WL 24015152 (N.D. Okla 2003) ("....by billing in quarter hour increments instead of the one-tenth hour increments usually seen by the Court in fee applications, an added measure of uncertainty exists on the question of whether each and every hour recorded was in face reasonably expended."); *Bowmen v. Secretary of Health & Human Servs*., 744 F. Supp. 899, 900 (E.D. Ark. 1989). The Court will, thus, reduce Plaintiff's request by 25%. *Miller v. Bowen*, 639 F. Supp. 832,836 (E.D. N.C. 1986) (finding that across-the-board reduction of 25% was warranted when billing was quarter hour increments). In doing so the Court, pursuant to EAJA, will fulfill the dual purpose of EAJA to ensure adequate representation for those who need it and minimize the costs of this representation to the taxpayers. *Hensley v. Eckerhart*, 461 U.S. at 434; *Action on Smoking and Health* v. CAB, 724 F.2d 211, 217 (D.C. Cir. 1984).

EAJA states that "a court shall award to a prevailing party other than the United States fees and other expenses...incurred by that party in any civil action...." 28 U.S.C. § 2412(d)(1)(A). The award of fees and expenses is to the prevailing party, not to the attorney. *Manning v. Astrue,* 510 F.3d 1246, 1249-50 (10th Cir. 2007) (holding that "the prevailing party, who incurred the attorney's

fees, and not that party's attorney, is eligible for an award of attorney's fees"). Therefore, the award of attorney fees will be to the Plaintiff, not to Plaintiff's attorney.

**IT IS THEREFORE ORDERED** that Plaintiff's request for attorney's fees is granted in part and Plaintiff is awarded $3,248.85 in attorney's fees.

**IT IS FURTHER ORDERED** that this award be made payable to Plaintiff directly.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE,**
**PRESIDING**